IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN ADONIS SIMPSON,

 *Petitioner*,

  v.    Civil Action No. DKC-17-136
     (Related Criminal Case No. DKC-04-234)

UNITED STATES OF AMERICA,

 *Respondent*.

**MEMORANDUM OPINION and ORDER**

Petitioner filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on January 9, 2017.[1] (ECF No. 273). He claims that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).

This procedural history of this case is as follows:

After Petitioner was convicted by a jury on ten counts, Judge Roger W. Titus sentenced Petitioner on May 7, 2007 to concurrent terms of life imprisonment on counts 1, 14, and 16; to concurrent terms of 240 months on count 2, 300 months on counts 9 and 10, and 120 months on count 22; and to consecutive terms of 120 months on count 8 and 300 months on counts 11 and 15; for a total of life imprisonment plus 720 months. (ECF No. 153). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit on May 10, 2007. (ECF No. 155). The Fourth Circuit affirmed Petitioner's criminal judgment on May 21, 2010. *United States v. Quinones*, 378 F.App'x 349 (4th Cir. 2010). The Supreme Court of the United States denied

---

[1] The "mail box rule" applies to § 2255 motions. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988). Therefore, the relevant date for the court's discussion here is when Petitioner placed the motion in the prison's internal mailing system, which was January 9, 2017, according to his certificate of service, and not the date the court received the motion, which was January 13, 2017.

Petitioner's petition for writ of certiorari on October 12, 2010. *Simpson v. United States*, 562 U.S. 972 (2010).

On September 12, 2016, the court received a "Notification of Status of 2255(h)(3)." (ECF No. 268). It was erroneously docketed as a motion to vacate. In fact, Petitioner was inquiring about the status of a motion he claimed to have filed on June 13, 2016. On September 30, 2016, the court entered an order stating that the court had not received any motion to vacate filed on his behalf and directing that the erroneous docketing be corrected. (ECF No. 270). The court then received an unsigned version of the current motion on December 23, 2016, which was returned due to the lack of signature. (ECF No. 271). On February 2, 2017, the court directed the Government to file a response to Petitioner's motion to vacate. (ECF No. 274). The Government did so, arguing, among other things, that Petitioner's motion is untimely. (ECF No. 276). Petitioner filed a reply to the Government's response. (ECF No. 278). He also filed an amended reply, (ECF No. 280), and a motion for leave to supplement, (ECF No. 281). Finally, Petitioner requested that the supplement be held in abeyance pending the Supreme Court's decision in *Shular v. United States*, 140 S.Ct. 779 (2020).[2] (ECF No. 287). Petitioner also filed a motion to reduce sentence under the First Step Act. (ECF No. 285). Counsel has been appointed to represent him regarding that issue. (ECF No. 289).

Because of the complexity of the issues raised by Petitioner's several filings, the case will be stayed for the time being. The initial motion challenges some of Petitioner's convictions under *Johnson v. United States*, based on the purported invalidation of the definition of "crime of

---

[2] *Shular* was decided on February 26, 2020, 140 S.Ct. 779, so that particular motion is moot. Petitioner has not sought to challenge the drug convictions directly.

.

violence." The Government contends that the initial motion was not timely and that the issues are procedurally defaulted. While Petitioner has responded to the Government's argument on procedural default, he has not directly responded to the statute of limitations argument, nor has he expanded on his alleged attempt to file the motion in June 2016. Finally, in his First Step Act request, he seeks resentencing on several drug related counts.

Claims under § 2255 are subject to a one-year statute of limitations, which begins to run from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Because the Supreme Court denied Petitioner's request for a writ of certiorari on October 12, 2010, the limitations period for filing the motion to vacate expired on October 12, 2011. Accordingly, Petitioner's motion appears to be untimely under § 2255(f)(1).

Petitioner attempts to excuse the untimeliness of his motion to vacate under § 2255(f)(3) by invoking *Johnson*. (*See* ECF No. 273). Section 2255(f)(3) provides that the one-year limitation period shall run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Fourth Circuit has clarified that "to obtain the benefit of the limitations period stated in § 2255(f)(3), [a petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been ... made retroactively applicable to cases on collateral review'; and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012).

Under this standard, Petitioner cannot utilize § 2255(f)(3) to justify the late filing of his currently pending motion to vacate. Although he correctly notes that *Johnson* was decided on June 26, 2015, he incorrectly concludes that he filed his motion within a year of that date, having filed his motion on January 9, 2017. (ECF No. 273 at 22; ECF No. 273-3). The court has no record of having received a motion within one year of June 26, 2015. Accordingly, Petitioner's motion appears to be untimely under § 2255(f)(3).

Because Petitioner makes no allegations that would excuse his untimeliness under either § 2255(f)(2) or (f)(4), the only way to save his § 2255 motion is if equitable tolling applies. *See United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). For equitable tolling to apply, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Courts are expected to warn a petitioner that his case is subject to dismissal as time-barred and provide an opportunity to respond and demonstrate that equitable tolling is warranted. Given that expectation, the court will provide Petitioner an opportunity to respond to the Government's timeliness argument before it makes its final decision regarding Petitioner's initial § 2255 motion. Furthermore, due to the pendency of the First Step Act request, and the possible applicability of the concurrent sentence doctrine, it is prudent to wait until the Public Defender has had an opportunity to supplement the First Step Act request.

Accordingly, it is this 19th day of March, 2020, by the United States District Court for the District of Maryland, hereby

ORDERED, that Petitioner shall have 30 days to respond to the Government's timeliness argument asserted in its response (ECF No. 276); and it is further

ORDERED, that the initial motion (and the civil case) BE STAYED until the First Step Act matter is fully briefed, and it is further

ORDERED, that the Clerk IS DIRECTED to mail a copy of this Order to Petitioner and to transmit same to counsel of record.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge